ANDERS JORDAHL, Appellant, v. INTERNATIONAL TRUST COMPANY, Respondent, and JAMES A. BEHA, Defendant.— Action for breach of contract for the purchase of certain stock of a moneyed corporation and the financing of said purchase by the defendant trust company for the account of a syndicate on whose behalf the plaintiff sues. Order granting motion of defendant International Trust Company for summary judgment and directing that the complaint be dismissed and judgment on the merits entered in its favor affirmed, with ten dollars costs and disbursements. No opinion. The appeal from the judgment is dismissed. No judgment is printed in the record. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

JOHN A. McLEOD, Appellant, v. JONES PLATO COMPANY, INC., Respondent.— The plaintiff at night fell on a sidewalk which the evidence showed was obstructed by building material used in connection with the construction of a building adjacent to the sidewalk. There was no existing permit for the use of the sidewalk for storage of material, and the ordinance of the city of New Rochelle prohibited such obstruction. At the time of the accident there were no warning lights and no watchman. In an action to recover damages for personal injuries, the complaint was dismissed at the close of the plaintiff's evidence. Judgment dismissing the complaint at the close of plaintiff's case reversed on the law and a new trial granted, with costs to appellant to abide the event. There was a question of fact as to whether the defendant was negligent or whether its acts in obstructing the sidewalk constituted a nuisance. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

ABRAHAM MIRON, Appellant, v. MAX M. LIPETZ, Sued Herein as " MORRIS " " MAX " LIPETZ, First Names Being Fictitious and Unknown to Plaintiff, Respondent.— Order dismissing complaint under rule 107 of the Rules of Civil Practice reversed on the law, without costs, and motion denied, without costs, with leave to the plaintiff to amend the complaint within ten days from the entry of the order hereon upon payment of ten dollars costs. The affidavits read in connection with the complaint raise a question of fact, and proper amendment of the complaint may be made to cover the question of the Statute of Frauds. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.